FILED

08/22/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2017

**IN RE HOMER D., ET AL.**

**Appeal from the Juvenile Court for Overton County**
**No. 16-JV-74          Daryl A. Colson, Judge**

_____

**No. M2017-00298-COA-R3-PT**

_____

FRANK G. CLEMENT JR., P.J. M.S., dissenting.

The majority opinion dismisses this appeal due to the failure of the appellant, Sarah R. P. B., the child's mother, to sign the initial notice of appeal as required by Tenn. Code Ann. § 36-1-124(d) or to file an amended notice that included her signature within the thirty-day time period for perfecting appeals. The majority has concluded that although the amended notice of appeal "did contain Appellant's signature, it was filed . . . more than thirty days after the entry of the trial court's judgment. As such, it, too, is insufficient to confer subject-matter jurisdiction on this Court." I recognize that the majority opinion is based on two recent Court of Appeals decisions, but I respectfully disagree with those decisions and with the notion that Tenn. Code Ann. § 36-1-124(d) is jurisdictional. I also disagree with the notion that the statute compels this court to dismiss appeals in parental termination cases without affording the parent the opportunity to cure the defect by subsequently signing an amended notice of appeal even if that occurs after the expiration of the thirty-day time period set out in Tenn. R. App. P. 4(a).[1]

The statute at the center of this controversy is Tenn. Code Ann. § 36-1-124(d), which went into effect on July 1, 2016. It succinctly states that "[a]ny notice of appeal filed in a termination of parental rights action shall be signed by the appellant." In my opinion the statute is clear and unambiguous; therefore, "we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn.

_____

[1] I wish to acknowledge that this opinion and my recent dissent in *In re Nevaeh B.*, No. W2016-01769-COA-R3-PT, 2016 WL _____ (Tenn. Ct. App. Aug. 14, 2017) are based in significant part on the dissent authored by the Hon. Andy D. Bennett, Judge of the Court of Appeals of Tennessee, in *In re Jayden R. et al.*, No. M2016-02336-COA-R3-PT, 2016 WL _____ (Tenn. Ct. App. Aug. 11, 2017).

2004). When ascertaining the meaning of a statute, the courts should give effect to every word used in the statute. *Lee Med. Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010) (citations omitted). We presume that the General Assembly used each word deliberately. *State v. Strode*, 232 S.W.3d 1, 11 (Tenn. 2007) (citations omitted). A related notion is that "[t]he Court will decline to 'read in' language into the statute that the General Assembly did not place there." *Keen v. State*, 398 S.W.3d 594, 604 (Tenn. 2012).

Reading the words in Tenn. Code Ann. § 36-1-124(d) in their natural and ordinary sense and without reading in any words not used, there is no mandate compelling the dismissal of an appeal when a parent appellant fails to sign the notice of appeal. I also see no words that prevent the courts from affording an opportunity to cure the deficiency if the parent fails to sign the notice of appeal. Furthermore, the statute does not state that the signature of the parent is jurisdictional. Therefore, the statutory mandate is not jurisdictional, and failure to initially comply with the statute does not prevent the court from affording the appellant parent an opportunity to cure the deficiency.

Although the clear and unambiguous statute does not require, or permit, construction of its meaning, I will discuss the first Court of Appeals decision wherein this court ruled that the signature requirement is jurisdictional, and the absence of the parent's signature is cause for dismissal of the appeal. *See In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 (Tenn. Ct. App. July 11, 2017).[2] *Gabrielle* relied on cases and statutes from three states to determine that Tenn. Code Ann. § 36-1-124(d) was jurisdictional. I believe these cases are distinguishable because the statutes and/or rules of appellate procedure from these states present a different circumstance than the one in Tennessee.

*Gabrielle* relied on Utah Code Ann. § 78A-6-1109, but it is distinguishable because the Utah statute not only requires the signature of the appellant, it expressly states that "the appeal shall be dismissed" if the appellant fails to comply. Utah R. App. P. 53(b) is also fully consistent with the statutory mandate. Thus, the Utah appellate rule and statute expressly require dismissal. *See State ex rel. D.E.*, 147 P.3d 462, 463 (Utah 2006). As noted earlier, the Tennessee statute does not state that "the appeal shall be dismissed."

It is also significant to note that Utah's rule of appellate procedure also includes a fifteen-day grace period to amend the notice of appeal if certain circumstances are met.

---

[2] *Gabrielle* has been followed in the past two weeks in two other cases: *In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017 WL 3141825, at *4 (Tenn. Ct. App. July 24, 2017); *In re Mya V.*, M2016-02401-COA-R3-PT, 2017 WL 3209181, at *3 (Tenn. Ct. App. July 28, 2017).

- 2 -

*See* Utah R. App. P. 53(b). Thus, the appellate rule contains an exception not included in the statute; nevertheless, the rule applies. In Tennessee, the rules of appellate procedure do not incorporate the statute and none of the Tennessee Rules of Appellate Procedure require a signature on the notice of appeal.[3]

The South Dakota law relied on in *Gabrielle* states that "[t]he failure of the appellant and his or her attorney to sign a notice of appeal . . . deprives the Supreme Court of jurisdiction to decide the appeal." S.D. Codified Laws § 15-26A-4. That is not the case in Tennessee because Tenn. Code Ann. § 36-1-124(d) does not address jurisdiction. Moreover, Tenn. Code Ann. § 36-1-124(d) does not state that the court is required to dismiss the appeal if the parent fails to comply with the signature requirement without affording the parent the opportunity to cure any deficiency.

In North Carolina, N.C. R. App. P. 3.1(a), cited in *Gabrielle* states, "If the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal . . . ." The notice of appeal is viewed as incomplete if it lacks a signature. *See In re I.T.P-L.*, 670 S.E.2d 282, 285 (N.C. Ct. App. 2008). Tennessee's rule does not require the signature of the parent or his or her attorney on the notice of appeal in a parental termination case, and as stated earlier, no Tennessee Rule of Appellate Procedure requires an appellant or his or her attorney to sign a notice of appeal. *See Jayden*, 2016 WL ____, at *__ (Bennett, J., dissenting); *see also Nevaeh*, 2016 WL ____, at *__ (Clement, P.J. M.S., dissenting).

For the foregoing reasons, I respectfully submit that the authorities relied on in *Gabrielle* are distinguishable, and they do not support the conclusion that compliance with the statute is jurisdictional. Further, these authorities do not support the conclusion

---

[3] Tenn. R. App. P. 3(f) pertains to notices of appeal, and it specifies the content of the notice of appeal:

> The notice of appeal shall specify the party or parties taking the appeal by naming each one in the caption or body of the notice (but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X"), shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. The notice of appeal should include a list of the parties upon whom service of notice of docketing of the appeal is required by Rule 5 of these rules. An appeal shall not be dismissed for informality of form or title of notice of appeal.

Tenn. R. App. P. 8A(a)(2) modifies the general statement of Rule 3(f) as follows: "In addition to meeting the requirements of Rule 3(f) ('Content of the Notice of Appeal'), a notice of appeal in a termination of parental rights proceeding shall indicate that the appeal involves a termination of parental rights case." And unlike Utah, no Tennessee rule requires a signature on a notice of appeal.

that the statute compels the court to dismiss an appeal if the notice of appeal is not signed by the parent without first affording the appellant parent the opportunity to cure the defect. *See id.*; *see also Nevaeh*, 2016 WL ____, at *__ (Clement, P.J. M.S., dissenting).

The majority also relies on *Catherine* to conclude that an appellant may cure the jurisdictional deficiency before the expiration of the thirty-day time period set out in Tenn. R. App. P. 4(a) but not after. I am not persuaded by the latter conclusion because *Catherine* is principally based on *Gabrielle* which, as discussed earlier, relies on cases and statutes from other states that are distinguishable from Tenn. Code Ann. § 36-1-124(d) and Tenn. R. App. P. 4(a). *See Jayden,* 2016 WL ____, at *__ (Bennett, J., dissenting); *see also Nevaeh*, 2016 WL ____, at *__ (Clement, P.J. M.S., dissenting).

Moreover, although I agree that the defect may be cured prior to the expiration of the thirty-day time period set out in Tenn. R. App. P. 4(a), I respectfully submit there is no basis on which to prohibit a parent in a parental termination appeal from curing the signature deficiency within a reasonable time even if that occurs after the expiration of the thirty-day time period set out in Tenn. R. App. P. 4(a).

For these reasons I respectfully dissent.

 

 

_____
FRANK G. CLEMENT JR., JUDGE